UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Megan Maule,

    Plaintiff,

v.                                               ORDER
                                                 Civil No. 04-1369

R. James Nicholson, Secretary
Department of Veterans Affairs,

    Defendant.

_____

    Donald H. Nichols and Michele R. Fisher, Nichols Kaster & Anderson, PLLP, for and on behalf of Plaintiff.

    Patricia R. Cangemi, Assistant United States Attorney for and on behalf of Defendant.

_____

    This matter is before the Court on Defendant's appeal of Chief United States Magistrate Judge Raymond L. Erickson's Order dated June 30, 2006.  By this Order, Magistrate Judge Erickson denied Defendant's Informal Motion to Compel, but without prejudice.  The motion was denied on the basis that a motion in limine is pending before this Court to preclude the evidence sought by Defendant's informal motion to compel - telephonic depositions of Joshua Harris and Kip Buoymaster - and that the depositions should not be compelled until the admissibility such testimony was determined.

The Court must modify or set aside any portion of the Magistrate Judge's Order found to be clearly erroneous or contrary to law. See 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Local Rule 72.2(a). Based on a review of the record and the submissions of parties, the Court finds there is no basis upon which to reverse the ruling, as it is neither clearly erroneous or contrary to law. The June 30, 2006 Order left open the opportunity to renew the motion to compel.

Plaintiff seeks to exclude the testimony of Harris and Buoymaster, arguing such testimony is hearsay. Plaintiff further argues that the testimony of Harris and Buoymaster must be excluded pursuant to Fed. R. Evid. 412, which generally excludes evidence that an alleged victim engaged in other sexual behavior or to prove an alleged victim's sexual predisposition.

Harris has submitted a declaration in which he declares that a co-worker, Andrew Mitchell, made several statements that suggested Mitchell and the Plaintiff had a sexual relationship while both attended the Law Enforcement Training Center (LETC) in Little Rock, Arkansas. Buoymaster also submitted a declaration, in which he states Mitchell told him he had a sexual affair with the Plaintiff at the LETC. Buoymaster also states in his declaration that he found a file folder on a table in the VA locker room, and that he copied the contents of this folder, and that such copies were attached to the declaration. The attachments include photographs of Mitchell and Plaintiff dancing, an envelope addressed to

Plaintiff from Mitchell, and typed notes.

Defendant responds that the evidence at issue here would be offered to impeach Maule and Mitchell's testimony, and demonstrate that they have lied repeatedly throughout this case.  Defendant would ask that the Court reserve its judgment as to admissibility of this evidence, while allowing the Defendant the opportunity to preserve the testimony through depositions.

Evidence of an alleged victim's prior sexual history may be admitted in a civil case under certain circumstances.  For example, in <u>Wilson v. City of Des Moines</u>, the Eighth Circuit determined that evidence of other sexual behavior in a sexual harassment case was admissible as such evidence was probative of welcomeness.  442 F.3d 637, 643-644 (8th Cir. 2006).  <u>See also</u>, <u>State v. Carroll</u>, 639 N.W.2d 623 (Minn. Ct. App. 2002) (in a criminal case, evidence of other sexual behavior allowed in for impeachment purposes).

The Court agrees that such testimony should be preserved for trial, but the Court will reserve its ruling on the admissibility of such evidence until trial.

IT IS HEREBY ORDERED that:

1. Defendant's Appeal of Magistrate Judge Erickson's Order dated June 30, 2006 is DENIED;

2. Plaintiff's Motion in Limine to Exclude the testimony of Joshua Harris and Kip Buoymaster and any evidence of a sexual relationship between Plaintiff and Andrew Mitchell is RESERVED for trial.  The depositions of Harris and

Buoymaster may proceed at this time.

3. Plaintiff's Motion to Strike the Defendant's Reply Relating to the Appeal of the June 30, 2006 Order is DENIED.

Date: August 2, 2006

                                                  s / Michael J. Davis
                                                  Michael J. Davis
                                                  United States District Court

Civil No. 04-1369