UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 04-1369 MJD/RLE

| | |
|---|---|
| MEGAN A. MAULE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **FINDINGS OF FACT AND** |
| v.        ) | **CONCLUSIONS OF LAW** |
| ) | **AND JUDGMENT** |
| R. JAMES NICHOLSON, SECRETARY, ) | |
| DEPARTMENT OF VETERANS AFFAIRS ) | |
| ) | |
| Defendant. ) | |

Trial in the above referenced matter commenced on September 5, 2006 and concluded on September 18, 2006.

The jury found in favor of the defendant on plaintiff's claim of sex discrimination. The jury found in favor of plaintiff on plaintiff's claims of sexual harassment and retaliatory discharge.

The parties have asked the Court to determine the issue of front pay. Having considered the testimony and exhibits received at trial, together with the parties proposed findings of fact and conclusions of law on the issue of front pay, and the files, records and proceedings herein, the Court makes the following:

FINDINGS OF FACT

1. Plaintiff was employed as a full-time police officer by Defendant at its medical center in St. Cloud, Minnesota from January 6, 2003 until her termination on June 30, 2003.

2. At the time of her termination, Plaintiff was earning $28,909.00.[1]

3. Since her termination, Plaintiff has been diagnosed with depression and post traumatic stress disorder. She has tried to commit suicide several times. Her emotional distress is a result of the sexual harassment and retaliation she experienced during her employment with Defendant. Accordingly, reinstatement is impracticable.

4. At the time of her termination, Plaintiff was pursuing a master's degree in the field of criminal justice from St. Cloud State University. She recently finished that degree.

5. Since her termination, Plaintiff has made efforts to find employment but has been unsuccessful.[2]

6. The Plaintiff did not call an economist or other expert at trial to establish any lost future earnings or economic loss with respect to a position in the criminal justice field. The fact that Plaintiff did complete her long pending Masters Program during the time between her discharge and the time of trial weighs in favor of

---

[1] See Plaintiff's Trial Ex. 27.
[2] See Plaintiff's Trial Ex. 32.

Defendant, as this presumably should enhance her ability to secure future employment if reasonable job searches are undertaken.

7.   Plaintiff submitted three exhibits at time of trial relative to wages. Pl. Ex. 27 showed her salary at time of discharge as $28,909.00. Pl. Ex. 31 related to past wages for the tax years 2003 through 2005. This exhibit shows income of $14,993.00 for 2003, $600.00 for 2004 and $527.00 for 2005.

8.   Pl. Ex. 32 was Plaintiff's sole submission of evidence relative to seeking employment after her discharge and prior to trial. This submission shows a series of letter and email applications through which Plaintiff seeks to demonstrate that she has taken reasonable efforts to obtain a job. In reviewing Pl. Ex. 32, little effort appears to have been made to obtain employment in the criminal justice field, however.

9.   Plaintiff's earning capacity before her discharge was that of a probationary employee with 6 months of probation left to navigate before becoming a full-time employee.

## CONCLUSIONS OF LAW

1.   Front pay is a form of equitable relief which is determined by the district court after considering all aspects of the case. <u>Newhouse v. McCormick & Co.</u>, 110 F.3d 635, 641 (8th Cir. 1997). Front pay should address equitable needs such as the ability to obtain employment with comparable compensation and

responsibility.  Hukkanen v. Int'l Union of Operating Engineers, Hoisting & Portable Local No. 101, 3 F.3d 281, 286 (8th Cir. 1993).  Front pay may be granted in lieu of reinstatement in situations where reinstatement would be impracticable or impossible.  Newhouse, 110 F.3d at 641.  The Court finds that in this case, reinstatement is impracticable and that an award of front pay is appropriate.

  2. Factors the Court may consider in determining the length and dollar amount of front pay include age, education and employment experience, and the status of her field of choice.  See, Sellers v. Mineta, 358 F.3d 1058, 1066 (8th Cir. 2004).  In this case, the Plaintiff is of a relatively young age, she has a Masters Degree and a Bachelor of Science degree in the field of Criminal Justice, and she has some work experience in that area.  Plaintiff has also suffered emotional distress and post traumatic stress disorder, and that such injury may hinder her ability to obtain employment for some time.  The Court finds that in light of the relevant case law and the circumstances of this case, an award of five years of future wage loss ($144,500.00) is appropriate.

## ORDER

**BASED ON THE FOREGOING, IT IS ORDERED:**

  1. That judgment be entered in favor of Plaintiff on her claims of sex harassment and retaliation in the amount of $300,000.00;

      2.      That judgment be entered in favor of Defendant on Maule's claim of gender discrimination;

      3.      That judgment be entered in favor of Plaintiff in the amount of $144,500.00, representing five years of front pay; and

      4.      That Plaintiff may petition this Court for attorneys' fees and costs consistent with L.R. 54.3.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: September 29, 2006                                s / Michael J. Davis
                                                                Michael J. Davis
                                                                United States District Court