UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Megan Maule,

    Plaintiff,

                                ORDER
                                Civil No. 04-1369

R. James Nicholson, Secretary
Department of Veterans Affairs,

    Defendant.

_____

    Donald H. Nichols and Michele R. Fisher, Nichols Kaster & Anderson, PLLP, for and on behalf of Plaintiff.

    Patricia R. Cangemi, Assistant United States Attorney for and on behalf of Defendant.

_____

    This matter is before the Court upon the motion of Plaintiff for attorneys' fees and costs.

## Background

    In her Amended Complaint, Plaintiff asserted three claims: sex discrimination and reprisal under Title VII and discrimination in violation of Title IX. At summary judgment, Plaintiff withdrew her claim under Title IX, and this Court found genuine issues of fact existed with respect to the two counts asserted under Title VII.

At trial, the jury found in favor of the Defendant as to the sex discrimination claim, but found in favor of Plaintiff as to her claims of sexual harassment and reprisal asserted in Count II.  Judgment was entered in favor of Plaintiff in the amount of $444,500.

Plaintiff now moves the Court for an award of attorneys' fees in the amount of $310,439.10 and costs in the amount of $27,055.51.  Defendant objects to a portion of the fees and costs requested, asking that the Court reduce the award accordingly.

Analysis

Title VII provides that a plaintiff may be entitled to an award of attorneys' fees, if she is a prevailing party.  42 U.S.C. § 2000e-5(k).  A plaintiff is deemed a prevailing party if she succeeds on any significant issue in the litigation, and achieves some of the benefits sought in bringing the suit.  Hensley v. Eckerhart, 461 U.S. 424, 432 (1983).  In this case, Plaintiff is a prevailing party, given the jury's finding with respect to her claims of sexual harassment and reprisal, and the damages awarded.

In determining a reasonable fee, the Court may, but is not required to, consider the following factors:

    (1)    the time and labor required;
    (2)    the novelty and difficulty of the question;
    (3)    the skill requisite to perform the legal service properly;

>   (4)  the preclusion of employment by the attorney due to acceptance of the case;
>   (5)  the customary fee;
>   (6)  whether the fee is fixed or contingent;
>   (7)  time limitations imposed by the client or the circumstances;
>   (8)  the amount involved and the results obtained;
>   (9)  the experience, reputation and ability of the attorney;
>   (10) the "undesirability" of the case;
>   (11) the nature and length of the professional relationship with the client; and
>   xii. awards in similar cases.

Hensley, 461 U.S. at 430 n.3.  The Court calculates the fee by multiplying the number of hours reasonably expended on the case by a reasonable hourly rate with the resulting total presumed to be a reasonable fee subject to an upward or downward adjustment based upon the factors enumerated above.

Defendant argues that Plaintiff's request for attorneys' fees should be reduced given the fact that Plaintiff ultimately succeeded on only one of the claims asserted.

In the situation where a plaintiff only prevails on some of the claims asserted, the Court must address whether the plaintiff did not prevail on claims unrelated to the claims on which she succeeded and whether the plaintiff achieved a level of success that makes the hours reasonably expended a proper basis for a fee award.  Id. 461 U.S. at 434.  A plaintiff may be compensated on unsuccessful claims that were related to the successful claims.  Id. at 440.  "Claims are related, and hence deserving of compensation, if they "involve a common core

of facts" or are "based on related legal theories."  Emery v. Hunt, 272 F.3d 1042, 1046 (8th Cir. 2001)(quoting Hensley 461 U.S. at 435).

In this case, Plaintiff withdrew the Title IX claim in response to Defendant's motion for summary judgment, and the jury did not find in her favor on the sex discrimination claim.  However, all claims asserted were discrimination claims that were based on a common core of facts.  The Court thus determines that Plaintiff achieved excellent results, and will not reduce the request for attorneys' fees based solely on the fact that Plaintiff was not successful as to two of the three claims asserted in the Amended Complaint.

Defendant further asserts the request for attorneys' fees should be reduced because Plaintiff seeks fees for multiple lawyers handling the same tasks, and for excessive hours handling routine research and other legal tasks.  The Supreme Court has held that "the fee applicant bears the burden of establishing an entitlement to an award and documenting the appropriate hours expended and hourly rates."  Hensley , 461 U.S. at 437.  To this end, the fee applicant must exercise billing judgment and maintain billing records in a manner that will enable the Court to identify distinct claims.  Id.

The Court has reviewed Plaintiff's billing records closely, and finds that Plaintiff has billed for multiple lawyers handling the same tasks, and has expended excessive hours for routine legal research and other legal tasks.  For example, the

Court finds it excessive that almost 30 hours was expended for legal research of remedies and damages caps under Title VII, or that over 20 hours was expended researching supervisor liability and almost 20 hours was expended researching the rape shield law. These issues are not novel, especially to a law firm who specializes in employment law.

The Court also finds the billing to be vague to the extent that it is not possible to discern whether hours expended were reasonable or duplicative. For example, with respect to the preparation of the summary judgment briefs, two lawyers billed almost 90 hours, yet it is impossible to determine whether such work was duplicative. Other vague entries include "review correspondence", "review file", "legal research", "research" "review documents", "interview witness".

Based on the above, the Court will reduce the requested attorneys' fees by one fourth. Defendant also requests that the award be further reduced by disallowing those hours expended by Don Nichols, claiming his presence was not necessary at trial. This request will be denied, however, as the Court finds that the hours expended by Mr. Nichols, a senior partner, were reasonable, given the complexity of the issues and the number of witnesses called at trial. Accordingly, the Court will award Plaintiff $232,829.32 in attorneys' fees.

Defendant also challenges some of the costs requested by Plaintiff. Defendant challenges Plaintiff's request for reimbursement of photocopying costs,

as such costs are not itemized and are excessive.  Defendant further challenges courier costs to the United States Attorney's Office, as well as costs of service to a non-party, John Schriefels.

This Court has discretion in determining which costs are recoverable. Winter v. Cerro Gordo County Conservation Board, 925 F.2d 1069, 1074 (8th Cir. 1991).  Typcially, costs that are part of normal overhead are not recoverable. Emery, 272 F.3d at 1048.  Further, costs that are duplicative should be disallowed.

In reviewing Plaintiff's itemization for expenses, the Court agrees that photocopying and courier costs appear excessive, especially given the current technology available, and the fact that all court filings are through electronic means.  Accordingly, the Court will disallow excessive costs related to copying and courier to the United States Attorney's Office and service to John Schreifels.  See Winter, 925 F.2d at 1074 (within court's discretion to disallow costs for telephone calls, expert witnesses, travel, photocopies, food and lodging, computer research, depositions and filing fees.)

IT IS HEREBY ORDERED that Plaintiff is awarded attorneys' fees in the amount of $232,829,32  and costs in the amount of $22,969.55.

Date: December 20, 2006

                                                        s / Michael J. Davis
                                                        Michael J. Davis
                                                        United States District Court